## CIRCUIT COURT OF THE CITY OF NORFOLK

Millers Casualty
Ins. Co. of Texas

v.

Avis Rent-A-Car
System, Inc., et al.

### August 8, 1996

### Case No. (Law) L96-505

BY JUDGE EVERETT A. MARTIN, JR.

Annie R. Green rented an automobile from Avis Rent-A-Car on September 16, 1993. She was driving the rented automobile on September 19, 1993, when she was involved in an automobile collision with an automobile being driven by Robert W. Graybill. Green filed suit against Graybill, and his liability to her has been established although damages have not been fixed. Allstate Insurance Company issued a policy of automobile liability insurance to Graybill, and it has tendered the entire coverage available under that policy. Millers Casualty Insurance Company of Texas issued an automobile liability policy to Green that provides underinsured motorist (UIM) coverage of $100,000.00 per person and $300,000.00 per accident. When Green rented the automobile from Avis, she purchased additional liability insurance of $1,000,000.00 per person and per accident, for which she agreed to pay a daily premium of $7.95.

Millers has filed this action in which it asks the Court to declare that Virginia law requires Avis to provide $1,000,000.00 UIM coverage to Green. Avis contends that its UIM coverage is limited to $25,000.00 under the terms of the policy. The parties agree Avis' UIM coverage is primary and Miller's is secondary.

The pertinent provisions of the rental agreement between Green and Avis are:

> *Liability Insurance.* Anyone driving the car as permitted by this agreement will be protected against liability for causing bodily injury or death to others ... up to the minimum financial responsibility limits required by applicable law .... Such coverage will be provided by you [Avis] according to the terms and subject to all the conditions of a standard automobile liability policy ... which are hereby made a part of this agreement .... I [Green] understand that unless required by applicable law, you will not provide ... (D) supplemental ... non-compulsory uninsured or underinsured motorist coverage ... and you and I reject all such coverages to the extent permitted by law. Where any of these coverages are required or implied by law, the limits shall be the minimum required under applicable statute.

> *Additional Liability Insurance (ALI).* I'll pay for additional liability insurance if available and I accept it. The limits of liability protection will be $1,000,000.00 for each person for bodily injury ... but not more than $1,000,000.00 for each accident, instead of the limits in the preceding paragraph on liability insurance. All of the other terms of the preceding paragraph apply to this additional coverage.

Millers contends that § 38.2-2206(A) of the Code of Virginia (1950) requires Avis to provide UIM coverage up to the limit of the additional liability insurance provided under the rental agreement. That subsection is to be construed liberally for the protection of the injured person. *Nationwide Mut. Ins. Co. v. Hill,* 247 Va. 78, 439 S.E.2d 335 (1994). Avis has three defenses to this contention: (1) the additional liability insurance provided under the rental agreement is in the nature of excess or umbrella insurance and exempted by subsection (J) of that statute, (2) the UIM limit under the rental agreement is the $25,000.00 minimum financial responsibility limit under Virginia law, and (3) its own excess insurance policy, which it purchased to cover the additional liability insurance issued under its rental agreements, specifically excludes UIM coverage.

At the hearing on July 10, 1996, Miller and Green argued that the provisions of Avis' own excess insurance policy (Avis being self-insured for

the minimum financial responsibility limit) are not binding on Green because she was not a party to that contract. I agree.

The second sentence of Va. Code § 38.2-2206(J) on which Avis relies provides in pertinent part:

> Insurers issuing or providing liability policies that are of an excess or umbrella type ... shall not be required to offer, provide or make available to those policies uninsured or underinsured motor vehicle coverage as defined in subsection A of this section.

An excess policy insures specific risks after an underlying amount of primary insurance coverage or self-insurance has been exhausted. An umbrella policy insures all risks, except those specifically excluded, after primary insurance coverage has been exhausted. *See GEICO v. Universal Underwriters Ins. Co.*, 232 Va. 326, 329, 350 S.E.2d 612 (1986).

The additional liability insurance Green purchased is not umbrella coverage for two reasons: (1) it insures only against liability on the rented car, and (2) it does not require the exhaustion of underlying insurance before it becomes effective. It is not excess coverage for the second reason above stated. The additional liability insurance paragraph provides that it is "instead of the limits in the preceding paragraph on liability insurance;" it is not in addition to that coverage. The lessee simply has a choice of liability coverage limits: either the minimum state financial responsibility or $1,000,000.00 per person and per accident. Thus I conclude the exception of Va. Code § 38.2-2206(J) does not apply and that the rental agreement's additional liability insurance will, by Va. Code § 38.2-2206(A), also provide UIM coverage of $1,000,000.00 unless Green rejected the additional coverage as provided by Va. Code § 38.2-2202(B). It is agreed that she did not do so.

Avis also contends that the rental agreement specifically limits UIM coverage to $25,000.00. However, when the insurance contract is in conflict with a statute, the statute controls. Va. Code § 38.2-318; *Nationwide v. Hill, supra.*